KING, Circuit Judge,
concurs in the result.
I concur in the result reached by the majority without expressing a view on the method by which the majority has reached that result.
APPENDIX
ORDINANCE NO. 21309
An ordinance amending Sections 31-33, “Curfew Hours for Minors,” of CHAPTER 31, “OFFENSES-MISCELLANEOUS,” of the Dallas City Code, as amended; repealing Section 2 of Ordinance No. 20966; defining terms; creating offenses for minors, parents and guardians of minors, and business establishments violating curfew regulations; providing defenses; providing for enforcement by the police department; providing for waiver by the municipal court of jurisdiction over a minor when required under the Texas Family Code; providing for review of this ordinance in lieu of Ordinance No. 20966 within six months after the date of initial enforcement; providing a penalty not to exceed $500; providing a saving clause; providing a severability clause; and providing an effective date.
WHEREAS, the city council has determined that there has been an increase in juvenile violence, juvenile gang activity, and crime by persons under the age of 17 in the city of Dallas; and
WHEREAS, persons under the age of 17 are particularly susceptible by their lack of maturity and experience to participate in unlawful and gang-related activities and to be victims of older perpetrators of crime; and
WHEREAS, the city of Dallas has an obligation to provide for the protection of minors from each other and from other persons, for *497 the enforcement of parental control over and' responsibility for children, for the protection of the general public, and for the reduction of the incidence of juvenile criminal activities; and
WHEREAS, a curfew for those under the age of 17 will be in the interest of the public health, safety, and general welfare and will help to attain the foregoing objectives and to diminish the undesirable impact of such conduct on the citizens of the city of Dallas; Now, Therefore,
BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF DALLAS:
SECTION 1. That Section 31-33, “Curfew Hours for Minors,” of CHAPTER 31, “OFFENSES-MISCELLANEOUS,” of the Dallas City Code, as amended, is amended to read as follows:
“SEC. 31-33. CURFEW HOURS FOR MINORS.
(a) Definitions. In this section:
(1)CURFEW HOURS means:
(A) 11:00 p.m. on any Sunday, Monday, Tuesday, Wednesday, or Thursday until 6:00 a.m. of the following day; and
(B) 12:01 a.m. until 6:00 a.m. on any Saturday or Sunday.
(2) EMERGENCY means an unforeseen combination of circumstances or the resulting state that calls for immediate action. The term includes, but is not limited to, a fire, a natural disaster, or automobile accident, or any situation requiring immediate action to prevent serious bodily injury or loss of life.
(3) ESTABLISHMENT means any privately-owned place of business operated for a profit to which the public is invited, including but not limited to any place of amusement or entertainment.
(4) GUARDIAN means:
(A) a person who, under court order, is the guardian of the person of a minor; or
(b) a public or private agency with whom a minor has been placed by a court.
(5) MINOR means any person under 17 years of age.
(6) OPERATOR means any individual, firm, association, partnership, or corporation operating, managing, or conducting any establishment. The term includes the members or partners of an association or partnership and the officers of a corporation.
(7) PARENT means a person who is:
(A) a natural parent, adoptive parent, or step-parent of another person; or
(B) at least 18 years of age and authorized by a parent or guardian to have the care and custody of a minor.
(8) PUBLIC PLACE means any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops.
(9) REMAIN means to:
(A) linger or stay; or
(B) fail to leave premises when requested to do so by a police officer or the owner, operator, or other person in control of the premises.
(10) SERIOUS BODILY INJURY means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.
(b) Offenses.
(1) A minor commits an offense if he remains in any public place or on the premises of any establishment within the city during curfew hours.
(2) a parent or guardian of a minor commits an offense if he knowingly permits, or by insufficient control allows, the minor to remain in any public place or on the premises of any establishment within the city during curfew hours.
(3) The owner, operator, or any employee of an establishment commits an offense if he knowingly allows a minor to remain upon the premises of the establishment during curfew hours.
*498 (c) Defenses.
(1) It is a defense to prosecution under Subsection (b) that the minor was:
(A)accompanied by the minor’s parent or guardian;
(B) on an errand at the direction of the minor’s parent or guardian, without any detour or stop;
(C) in a motor vehicle involved in interstate travel;
(D) engaged in an employment activity, or going to or returning home from an employment activity, without any detour or stop;
(E) involved in an emergency;
(F) on the sidewalk abutting the minor’s residence or abutting the residence of a next-door neighbor if the neighbor did not complain to the police department about the minor’s presence;
(G) attending an official school, religious, or other recreational activity supervised by adults and sponsored by the city of Dallas, a civic organization, or another similar entity that takes responsibility for the minor, or going to or returning home from, without any detour or stop, an official school, religious, or other recreational activity supervised by adults and sponsored by the city of Dallas, a civic organization, or another similar entity that takes responsibility for the minor;
(H) exercising First Amendment rights protected by the United States Constitution, such as the free exercise of religion, freedom of speech, and the right of assembly; or
(I) married or had been married or had disabilities of minority removed in accordance with Chapter 31 of the Texas Family Code.
(2) It is a defense to prosecution under Subsection (b)(3) that the owner, operator, or employee of an establishment promptly notified the police department that a minor was present on the premises of the establishment during curfew hours and refused to leave.
(d) Enforcement.
Before taking any enforcement action under this section, a police officer shall ask the apparent offender’s age and reason for being in the public place. The officer shall not issue a citation or make an arrest under this section unless the officer reasonably believes that an offense has occurred and that, based on any response and other circumstances, no defense in Subsection (e) is present.

(e)Penalties.

(1) A person who violates a provision of this chapter is guilty of a separate offense for each day or part of a day during which the violation is committed, continued, or permitted. Each offense, upon conviction, is punishable by a fine not to exceed $500.
(2) When required by Section 51.08 of the Texas Family Code, as amended, the municipal court shall waive original jurisdiction over a minor who violates Subsection (b)(1) of this section and shall refer the minor to juvenile court.
SECTION 2. That Section 2 of Ordinance No. 20966, passed by the city council on June 12, 1991, is repealed.
SECTION 3. That within six months after the initial enforcement of this ordinance, the city manager shall review this ordinance and report and make recommendations to the city council concerning the effectiveness of and the continuing need for the ordinance. The city manager’s report shall specifically include the following information:
(A) the practicality of enforcing the ordinance and any problems with enforcement identified by the police department;
(B) the impact of the ordinance on crime statistics;
(C) the number of persons successfully prosecuted for a violation of the ordinance; and
(D) the city’s net cost of enforcing the ordinance.
SECTION 4. That CHAPTER 31 of the Dallas City Code, as amended, shall remain in full force and effect, save and except as amended by this ordinance.
SECTION 5. That the terms and provisions of this ordinance are severable and are governed by Section 1-4 of CHAPTER 1 of the Dallas City Code, as amended.
*499 SECTION 6. That this ordinance shall take effect immediately from and after its passage and publication in accordance with the provisions of the Charter of the City of Dallas, and it is accordingly so ordained.
APPROVED AS TO FORM:
SAM A. LINDSAY, City Attorney
By /s/ Lisa Christopher son
Assistant City Attorney
Passed June 10, 1992